FILED 21

ULL 2 0 1994

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
—y—
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLIE A. WILLIS,                    )
                    PLAINTIFF,       )
                                     )
VS.                                  )   CASE NO.   CIV-94-063-B
                                     )
DONNA E. SHALALA, Secretary          )
of Health and Human Services         )
                    DEFENDANT.       )

## FINDINGS AND RECOMMENDATIONS

SCOPE OF COURT REVIEW - Court review is limited to consideration of the pleadings and transcript filed by the Secretary as required by 42 USC 405(g). The Court is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. Weakley v. Heckler, 795 F2d 64 (10th Cir. 1986); Cage v. Califano, 638 F.2d 219 (10th Cir. 1981); Tillery v. Schweiker, 712 F.2d 601 (10th Cir. 1983). Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court, in this review, has the power to affirm, modify or reverse the Secretary's decision with or without remand for a rehearing.

NATURE OF APPEAL - Court review of denial of claim for disability under Article 2 and supplemental security income (See Sections 216(i); 223; 1614(a)(3)(A) of Act).

Page Two
Case No. CIV-94-063-B

## CHRONOLOGY OF CASE

1.  8-3-92 Plaintiff's initial Application for
    Disability and SSI (Tr. 90-99)

2.  10-2-92 Administrative Denial of Plaintiff's Claim
    (Tr. 100-105)

3.  10-22-92 Denial of Application for Reconsideration
    (79-81)

4.  6-17-93 Hearing Before Administrative Law Judge
    (Tr. 44-89)

5.  7-28-93 Unfavorable Decision by Administrative Law
    Judge (Tr. 11-21)

6.  12-2-93 Order of Appeals Council Denying Review (Tr.
    3-5)

7.  1-28-94 Complaint filed with this Court

DISCUSSION AND ANALYSIS - Plaintiff, Billie A. Willis, (SSN
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) DOB: 2-3-46 filed his claim for disability and
SSI on 8-3-92 alleging he had not been able to work since 12-
31-91.  Plaintiff in his application stated that he had
completed the 7th grade and had passed the GED examination
(Tr. 94-99).  In his Disability Report (Tr. 119-126) the
disabling condition included bothersome shoulders, elbows,
right knee, back trouble, trouble with right arm and being
blind in one eye and recently had trouble hearing.  Plaintiff
further indicated he had a problem with his walking and could
not sit or lay down for very long at a time and was in con-
stant pain and it was growing worse.

The administrative hearing was held in Hugo, Oklahoma on

Page Three
Case No. CIV-94-063-B

6-17-93 before The Honorable Bruce L. Evans, Administrative
Law Judge.  Plaintiff's testimony (Tr. 49-77) can be
summarized by stating that from the time of his injury in
1988 and at the current time he could probably sit two to
three hours per day, could stand a total of three hours a
day, could not lift more than 10 pounds without hurting and
has problems walking.  As to his daily activities, Plaintiff
testified that his ordinary activities include getting up
around 6:30 a.m., drinks coffee and watches TV and then
usually lays down for an hour to an hour and a half and
usually goes to bed around 7:00 p.m. and is up and down all
night.  Plaintiff testified he can't do any housework, cannot
bend, cannot climb and ladder and sometimes goes grocery
shopping with his wife or to Wal-Marts with her.  Plaintiff
testified he didn't have any income and was making ends meet
by selling equipment he had used in his previous business of
small engine repair and that he is in constant pain which is
present in his lower back, left shoulder, left hip and right
knee.

        The medical narrative reports in this matter by Dr. Mike
McGinnis (Tr. 151-153) which stated Plaintiff to be
completely disabled, did note that Plaintiff's left shoulder
reveals decreased range of motion and pain on palpation over
the A/C joint.  Dr. Dandridge's report (Tr. 158-159)
indicated that there was some restriction in the left

Page Four
Case No. CIV-94-063-B

shoulder and pain and tenderness at the biceps tendon.  He
further indicated in his Residual Function Assessment (RFC)
that Plaintiff's ability to reach was impaired (Tr. 161).
The RFC assessment by the disability determination doctor,
Thurman Fiegel, indicated limitation in Plaintiff's reaching
and stated he can't reach over head (Tr. 140).

The testimony of the Vocational Expert (VE) (Tr. 77-89),
Lonnie Current, was given the hypothetical by the ALJ as a
claimant who, considering all of the evidence, including the
medical evidence as well as his testimony, that he would be
able to perform sedentary work as defined by the Regulations-
"Are there sedentary jobs he would be able to perform based
on his age, education and past work experience?"  The VE then
testified that there was in excess of 100,000 in the national
economy for this type of work as well as light work (Tr. 80-
81).

The ALJ applied the principals as to pain as set forth
in Luna v. Bowen, 834 F.2d 161, 165 (10th Cir. 1987) and
taking into account Plaintiff's subjective complaints, prior
work record, daily activities, type, dosage, effectiveness
and adverse side effects of any pain or other medication as
well as Plaintiff's treatment for relief of pain determined
Plaintiff's pain allegations as not being disabling.  In
applying the five step sequential evaluation process as set

Page Five
Case No. CIV-94-063-B

forth in 20 C.F.R. Sec. 404.1520, 416.920, the ALJ found
Plaintiff had not been engaged in any substantial activity
since the alleged onset date of his disability, the Plaintiff
did have severe impairments but a combination of impairments
did not result in being medically equal to one listed in
Appendix I, Subpart B, Regulation No. 4.  At Step Four the
Plaintiff was determined to be unable to perform his past
relevant work as a mechanic, wood cutter and owner/operator
of a small engine repair shop (Tr. 20), but that he did have
the RFC to lift 10 pounds maximum and to frequently lift and
carry small objects and his vision loss was not a factor in-
asmuch as he had worked with it for a number of years.

The Court, taking into account the entire record as a
whole, finds that there is substantial evidence in the ALJ
reaching his conclusion that Plaintiff's pain is not dis-
abling and that the guidelines as set forth in Luna v. Bowen
were adequately applied in this case.  As to Plaintiff's
being blind in his right eye, the fact that Plaintiff had
continued to work with this impairment for a number of years
and that indicates that this is not disabling per se Dixon v.
Sullivan, 905 F.2d 237 (8th Cir. 1990); Johnson v. Finch, 437
F.2d 1321 (10th Cir. 1971) (Discussing longstanding impair-
ments).

Page Six
Case No. CIV-94-063-B


The Plaintiff in this case has been diagnosed by all
medical authorities as having a serious problem with his left
shoulder which affected his ability to reach.  The ALJ in the
RFC assessment, failed to inject this impairment in his hypo-
thetical to the Vocational Expert (VE).  The failure of the
ALJ to include an uncontroverted impairment in identifying
the hypothetical Plaintiff, effects the evaluation by the VE
and in this case the Court feels would have greatly dimin-
ished if not wholly eliminated all jobs available in the
national economy for this Plaintiff.

CONCLUSION - Therefore, the Magistrate Judge finds this case
should be remanded to the ALJ who is to consider, in his RFC
assessment, the uncontroverted impairment dealing with
Plaintiff's left shoulder, biceps and tendons which affect
his ability to reach.  Parties are herewith given 10 days
from the date of this service to file with the Clerk of the
Court any objections, with support brief.  Failure to object
to the Findings and Recommendation within ten (10) days will
preclude appellate review of the judgment of the district
court based on such findings.  28 U.S.C. Sec.  636(b)(l),
Federal Rules of Civil Procedure 72, 6(a) and 6(3), and Local
Rule 32(d).

**Page Seven**
**Case No. CIV-94-063-B**


DATED this 20th day of December, 1994.


RICHARD P. CORNISH
UNITED STATES MAGISTRATE JUDGE